Hillary P. Carls
Sherine D. Blackford
BLACKFORD CARLS P.C.
602 W. Lamme Street
Bozeman, MT 59715
406.577.2145
406.219.0256 (fax)
carls@blackfordcarls.com
sherine@blackfordcarls.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| Amy Muccie, on behalf of her minor daughter, K.J., <br><br> Plaintiff, <br><br> vs. <br><br> Paul Dailey, Margaret Leary Elementary School, Butte School District No. 1, and John Doe Defendants 1-50, <br><br> Defendants. | Cause No.: _____ <br><br> **Complaint & Jury Trial Demand** |

Plaintiff Amy Muccie on behalf of her minor daughter, K.J., complains and alleges as follows:

1. That at all times relevant hereto K.J. was a resident of the City-County of Butte-Silver Bow, Montana.

1

2. That at all times relevant hereto the Defendant Paul Dailey ("Dailey") was a resident of and was in employed in the City-County of Butte-Silver Bow, Montana. Upon information and belief, Dailey now resides outside the state of Montana.

3. That at all times relevant hereto Defendant Margaret Leary Elementary School ("School") was an elementary school operating in the City-County of Butte-Silver Bow, Montana.

4. That at all times relevant hereto Defendant Butte School District No. 1 ("District") was a District organized under Title 20, Chapter 6 of the Montana Code Annotated, operating in the City-County of Butte-Silver Bow, Montana.

5. The events that are the basis of K.J.'s claims against Dailey, the School, and the District occurred in the City-County of Butte-Silver Bow, Montana.

6. That Plaintiff believes that the John Doe Defendants are subject to the jurisdiction of the State of Montana and this Court. That the John Doe Defendants are parties that may have been involved in the occurrence set out herein, may have been agents of, employers of, employees of, franchisers or franchisees of, or contractually obligated to the named Defendants or are in privy with the named Defendants and, therefore, said John Doe Defendants may have committed one or more of the acts set out herein or may be responsible through tortuous interference, strict liability, breach of warranty, negligence, negligent misrepresentation, the law of agency, respondeat superior, franchise law or by contract for the acts of the

named Defendant as set out herein. Plaintiff believes and therefore alleges that the John Doe Defendants may have committed one or more of the acts set out herein and that they would therefore be liable for the same. Plaintiff will amend these pleadings as the case progresses to specify the various acts of the John Doe Defendants.

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Plaintiff brings this action to redress a hostile educational environmental pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, and Montana state law claims, as more fully alleged herein.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over K.J.'s state law claims because they "form part of the same case or controversy…."

10. The amount in controversy exceeds the minimum jurisdictional limits of this Court exclusive of interest and costs.

11. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1) and (2) and Local Rule of Procedure 3.2.

12. Plaintiff has complied with all conditions precedent to the maintenance of this suit and K.J.'s claims, including notice requirements.

13. At all relevant times hereto, the School was an elementary school within the District.

14. At all relevant times hereto, Dailey was a fifth-grade teacher at the School, and employed by the School and District.

15. During the 2017-2018 school year, K.J. was a student at the School, in Dailey's fifth grade class.

16. During the 2017-2018 school year, Dailey groomed, harassed, abused, and sexually assaulted K.J.

17. Among other actions, Dailey groomed K.J. by:

   a. bringing her food and other treats to class;

   b. asking her about prior sexual abuse;

   c. keeping K.J. alone in his classroom during recess, with the door closed and windows covered, ensuring privacy.

18. While in the classroom alone, Dailey forced K.J. to touch his penis, lift K.J.'s shirt, and allow Dailey to touch K.J.'s breasts.

19. Dailey's harassment continued when he called K.J. to his desk, handed her a piece of paper stating he liked "her butt and boobs," ripped up the paper, and placed it in the garbage. Dailey instructed K.J. to stay silent and not to tell anyone about this interaction. He threatened K.J. that he could be fired.

20. During K.J.'s fifth grade year, Dailey continued his abuse by inappropriately:

   a. commenting on K.J.'s appearance, including her buttock and breasts;

    b.    commenting to K.J. that he wanted to marry her instead of his fiancé;

    c.    moving all desks so the students could sit on the floor in a circle. Dailey then sat next to K.J., touched her thigh, and stated "I just wanted to give you a warming touch.";

    d.    following K.J. and begging her not to tell anyone of the events throughout the school year. Dailey told K.J. he would be stressed all summer worrying about whether or not he would be fired. Dailey told K.J. he received previous warnings about his boundary issues.

21.    On or about May 30, 2018, Dailey took K.J. and her class on a field trip to Helena. The field trip was a School sponsored and organized activity.

22.    During this field trip, Dailey:

    a.    forced K.J. to sit next to him on the bus;

    b.    reached his hand up K.J.'s shorts, under K.J.'s underwear, and touched K.J.'s vagina;

    c.    took K.J.'s phone and deleted her text messages to her friends;

    d.    later asked K.J. if putting his hand in her shorts was "weird."

23.    In June of 2018, K.J. disclosed Dailey's abusive actions to her family.

24.    K.J.'s mother immediately contacted the School's principal, Jennifer Louma, regarding Dailey's actions.

25. On or about July 19, 2018, K.J.'s mother and aunt met with Ms. Louma and Therese McClafferty, of the human resources department, at the School, to discuss Dailey's actions. During this meeting, they admitted that others had previously accused Dailey of abuse and harassment.

26. In the Summer of 2018, K.J.'s mother completed a sexual harassment complaint and filed a police report.

27. In a letter on or about September 27, 2018, K.J.'s aunt notified the District's School Board of Dailey's actions.

28. Despite this knowledge, the School and District took no action to protect K.J. or the other students from Dailey.

29. Despite this knowledge, the School and District took no action to separate Dailey from students.

30. Despite this knowledge, the School and District took no action to keep students, including K.J., safe from Dailey.

31. Despite this knowledge, the School and District took no action to inform the students and their parents of Dailey's abuse.

32. Despite this knowledge, the School and District took no action to end Dailey's abuse and harassment of K.J.

33. Despite this knowledge, the School and District took no action against Dailey.

34.     The School and District had the ability to suspect, investigate, reassign, or terminate Dailey, but they failed to do so.

35.     The School and District had a duty to investigate Dailey's actions. The School and District failed to properly investigate Dailey's actions.

36.     The School and District knew about Dailey's wrongful conduct, and effectively facilitated it, approved it, condoned it, and/or turned a blind eye to it.

37.     The School and District supervised Dailey with deliberate indifference to the unreasonable risk that Dailey was abusing and harassing K.J. and other students.

38.     The School and District aided, abetted, encouraged, and/or ignored Dailey's actions.

39.     Ultimately, Dailey's abuse and the failure of the School and District to take any reasonable action caused K.J. to suffer from severe panic attacks and anxiety, which forced K.J. to withdraw from school.

40.     As a result of the Defendants' actions, inaction, or omissions, K.J. has suffered and continues to suffer from aggravating, persistent, and permanent injuries to her body and psyche.

41.     K.J.'s injuries impaired her ability to carry out her normal activities, including her daily routines. While K.J. attempted to continue her normal activities, she suffers great emotional pain, discomfort, and other limitations by so doing.

42. K.J. has been required to seek ongoing medical and mental health treatments in order to relieve her pain, anguish, discomfort, and conditions, which may never permanently resolve.

43. K.J. has suffered losses of educational opportunities and benefits, and the damages resulting from those losses.

44. K.J. has suffered increased harm and damage by the failure of the School and District to protect her access to and participation in educational opportunities and benefits, and their failure to investigate Dailey.

## **Count 1 – Against Dailey – Violation of Title IX**

45. Plaintiff realleges all of the facts set out in the introduction and alternate counts of this Complaint.

46. Title IX of Educational Amendment of 1972, 20 U.S.C. § 1681, et seq., provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. …
>
> [A]n educational institution means any public or private preschool, elementary, or secondary school, or any institution of vocational, professional, or higher education, except that in the case of an educational institution composed of more than one school, college, or department which are administratively separate units, such term means each such school, college, or department.

47. Upon information and belief, the School and District, which employed Dailey, received federal funding and financial assistance within the meaning of 20 U.S.C. § 1681(a), subjecting them to the requirements of Title IX.

48. Dailey abused and harassed K.J. on the basis of sex, subjecting her to physical sexual assault, discrimination, and harassment, that was so severe, pervasive, and objectively offensive that she was denied access to and participation in educational opportunities and benefits.

49. Had Dailey complied with the policies and legal requirements to not assault, abuse, and harass K.J., including, but not limited to, the requirements of Title IX, K.J. would not have been deprived of the ability to participate in educational opportunities and benefits. Dailey failed to comply with the applicable policies and legal requirements.

50. Dailey's actions created a sexually hostile educational environment.

51. As a result of Dailey's Title IX violations, K.J. has been damaged, included, but not limited to, being deprived access to participate in educational benefits or opportunities; being forced to withdraw from school; emotional distress, fear, anxiety, trauma; and damage to and delays in K.J.'s education.

52. Dailey's harassment was unreasonable under the circumstances.

53. As a result of Dailey's actions, K.J. has been damaged in an amount to be determined at trial.

## **Count 2 – Against the School and District – Violation of Title IX**

54. Plaintiff realleges all of the facts set out in the introduction and alternate counts of this Complaint.

55. Title IX of Educational Amendment of 1972, 20 U.S.C. § 1681, et seq., provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. …
>
> [A]n educational institution means any public or private preschool, elementary, or secondary school, or any institution of vocational, professional, or higher education, except that in the case of an educational institution composed of more than one school, college, or department which are administratively separate units, such term means each such school, college, or department.

56. Upon information and belief, the School and District received federal funding and financial assistance within the meaning of 20 U.S.C. § 1681(a), subjecting them to the requirements of Title IX.

57. Title IX and basic principles of tort law, including negligence, require the School and District to provide reasonable, appropriate, and prompt resolution of and action regarding sexual harassment, abuse and discrimination complaints, and to provide reasonable accommodations so that students, including K.J., do not suffer from further effects of sexual harassment, abuse and discrimination. The School and District were not prompt nor reasonable.

58. The School and District failed to reasonably respond or provide reasonable accommodations.

59. The School and District had duties to protect children, including K.J., from the known danger of Dailey's abusive behavior, to prevent Dailey's abuse and harassment, and to allow these students to participate in and benefit from educational opportunities.

60. The School and District had actual notice and knowledge of, and were deliberately indifferent to, Dailey's misconduct and harassment of K.J. *See Gebser v. Lago Vista Independent School District*, 524 US. 274, 290 (1998).

61. The School and District were aware of Dailey's harassment and abuse of K.J. and other students.

62. The School and District had the power to institute corrective and safety measures and accommodations, so that the K.J. could participate in education at the School and receive educational benefits opportunities.

63. The School and District did not institute corrective and safety measures and accommodations.

64. That Dailey's harassment and abuse of K.J. was severe, pervasive, and objectively offensive.

65. The School and District failed to implement safe guards to prevent Dailey from harassing and abusing K.J.

66. The School and District failed to promptly and equitably implement safe guards to prevent further damage to K.J.

67. Had the School and District complied with the policies and legal requirements to prevent Dailey's harassment of K.J., including but not limited to the requirements of Title IX, K.J. would not have been deprived of her educational opportunities. The School and District failed to comply with the applicable policies and legal requirements.

68. As a result of the School's and District's Title IX violations, K.J. has been damaged, included, but not limited to, being deprived access to educational benefits or opportunities; being forced to withdraw from school; emotional distress, fear, anxiety, trauma; and damage to and delays in K.J.'s education.

69. The School's and District's reaction to Dailey's harassment was unreasonable given circumstances.

70. That School's and District's actions created a sexually hostile educational environment.

71. As a result of the School's and District's actions, K.J. has been damaged in an amount to be determined at trial.

\\\   \\\   \\\

## Count 3 – Against Dailey – Negligence

72. Plaintiff realleges all of the facts set out in the introduction and alternate counts of this Complaint.

73. Dailey had a duty to not harm K.J. and to follow all policies and procedures to ensure K.J.'s access to and participation in educational opportunities and benefits.

74. Dailey negligently breached this duty by failing to follow the policies and procedures and failing to not harm K.J.

75. But for Dailey's negligence, K.J. would not have been deprived access to and participation in educational opportunities and benefits.

76. But for Dailey's negligence, K.J. would not have suffered from emotional distress and physical injuries.

77. But for Dailey's negligence, K.J. would not have been injured and damaged.

78. Dailey was negligent and this negligence legally and proximately caused the injuries suffered by K.J.

79. Dailey is liable for said acts of negligence.

80. As a result of Dailey's negligence, K.J. has been damaged in an amount to be determined at trial.

\\\   \\\   \\\

## Count 4 – Against the School and District – Vicarious Liability

81.  Plaintiff realleges all of the facts set out in the introduction and alternate counts of this Complaint.

82.  At all times relevant hereto, the School and District employed Dailey as a teacher. Dailey was under the under the School's and District's direct supervision, employment, and control when he committed the negligent acts described herein.

83.  Dailey engaged in this conduct while acting in in the course and scope of his employment. He carried out his abuse during School hours, at the School, and during School sponsored and/or sanctioned activities.

84.  The School and District authorized Dailey to act as an agent of the School and District.

85.  Dailey committed the acts herein under the apparent authority arising from this agency relationship with the School and District.

86.  The conduct set out herein occurred within the course and scope of Dailey's employment with the School and District effectively ratifying such actions.

87.  The abuse and harassment of a student by a teacher was a foreseeable and well-known hazard to the School and District.

88.  The School and District had a nondelegable duty to provide protection for its students, such as K.J., and is liable for any and all harm caused to K.J. under the School's and District's care.

89. As a result of the School's and District's vicariously liability and actions, K.J. has been damaged in an amount to be determined at trial.

## Count 5 – Against the School and District – Negligence

90. Plaintiff realleges all of the facts set out in the introduction and alternate counts of this Complaint.

91. The School and District knew of the wrongful conduct of Dailey and his propensities to act in a dangerous, reckless, offensive, harmful, and/or abusive manner. Upon learning of the abuse, the School and District should have immediately begun an investigation as well as implement reasonable safeguards to protect K.J.'s interests, and those of other students, among other actions.

92. The School and District negligently failed to implement reasonable safeguards.

93. The School and District negligently failed to train, supervise, investigate and reprimand Dailey.

94. The School and District negligently failed to take reasonable steps to keep K.J. safe and prevent Dailey's harassment and abuse.

95. The School and District negligently failed to ensure that K.J. was not traumatized or re-victimized throughout the process.

96. The School and District negligently failed to take reasonable steps to ensure K.J. could safely continue her education without harassment and abuse.

97. The School and District negligently failed to keep the premises of the School safe for its students, including K.J.

98. The School and District were negligent in providing security at the School.

99. The School and District were negligent and this negligence legally and proximately caused the injuries suffered by K.J.

100. The School and District are liable for said acts of negligence.

101. As a result of the School's and District's negligence, K.J. has been damaged in an amount to be determined at trial.

### Count 6 – Against the School and District – Negligent Hiring, Retention & Supervision

102. Plaintiff realleges all of the facts set out in the introduction and alternate counts of this Complaint.

103. At all times relevant hereto, there was an employment relationship between Dailey and the School and District. Dailey was under the direction, supervision, and control of the School and District and acted as its agent.

104. Dailey did not have the requisite credentials and training to perform the job of teacher, because of the School's and District's negligent hiring, training, supervision, and retention of Dailey.

105. Dailey negligently failed to comply with the policies and procedures required of Title IX and those related to harassment and abuse. These failures

resulted from the School's and District's negligent hiring, training, supervision, and retention.

106. The School and District had supervisory authority over Dailey, and the School and District negligently hired, trained, supervised, and retained Dailey because of Dailey's failure to comply with the requirements of Title IX and the law, policies and procedures related to sexual misconduct, assault, abuse, and harassment.

107. Upon information and belief, the School and District had been notified of Dailey's boundary issues and allegations of harassment prior to the incident with K.J., yet negligently failed to take any action, improve the supervision of Dailey, or further train Dailey.

108. The School and District were negligent and this negligence legally and proximately caused the injuries suffered by K.J.

109. The School and District are liable for said acts of negligence.

110. As a result of the School's and District's actions, K.J. has been damaged in an amount to be determined at trial.

## Count 7 – Against all Defendants – Emotional Distress

111. Plaintiff realleges all of the facts set out in the introduction and alternate counts of this Complaint.

112.   Said acts or omissions by the Defendants as set out above have proximately caused and resulted in negligent and intentional infliction of emotional distress to K.J.

113.   As a result of Defendants' actions, K.J. suffered serious or severe emotional distress.

114.   The serious or severe emotional distress that K.J. suffered were a reasonably foreseeable consequence of Defendants' actions.

115.   Defendants knew or should have known that their actions would cause or have a high probability of causing injury to K.J.  Despite this, Defendants acted with a conscious disregard to the high probability of injury to K.J.

116.   Said acts or omissions by Defendants as set out above have proximately caused and resulted in negligent and/or intentional infliction of emotional distress on K.J.

117.   As a result of the emotional distress suffered by K.J., she has been injured in an amount to be determined at trial.

## Count 8 – Against Dailey – Punitive Damages

118.   Plaintiff realleges all of the acts set out in the introduction and alternate counts of this Complaint.

119.   Dailey is guilty of actual fraud and/or malice as defined in § 27-1-221, MCA, for engaging in the aforementioned conduct.

120. Upon information and belief, Dailey committed the acts alleged herein with knowledge of facts or with intentional disregard of facts that created a highly probability of injury to K.J., and (a) deliberately or recklessly proceeded to act in conscious or intentional disregard of the high probability of injury to K.J.; and/or (b) deliberately or recklessly proceeded to act with indifference to the high probability of injury to K.J.

121. Dailey's actions were recklessly and callously indifferent to K.J.'s rights.

122. By performing the acts alleged, Dailey acted with malice and deliberate disregard for K.J.'s rights, permitting an award for punitive damages.

### Jury Trial Demand

Plaintiff hereby demands trial by jury on all issues.

### Prayer for Relief

WHEREFORE, Plaintiff pray judgment against all Defendants, jointly and severally, as follows:

1. For a judgment in favor of Plaintiff and against Defendants on all Counts.

2. For all past, present, and future medical expenses incurred by Plaintiff.

3. For compensatory damages in an amount to be determined at trial to compensate Plaintiff, including but not limited to, expenses incurred as a consequence of the harassment and abuse; loss of educational benefits and opportunities; and past, present, and future emotional pain and suffering, ongoing

and severe mental anguish, loss of past, present and future enjoyment of life, and loss of future earning potential.

4. For damages in an amount to be determined at trial for all past, present, and future mental anguish and emotional distress.

5. For punitive damages sufficient to make an example out of Dailey, and to deter other teachers from acting in the same manner.

6. For all costs incurred in the prosecution of this action.

7. For an award of interest, as deemed appropriate by the Court and as allowed by law.

8. For an award of attorney's fees, as the same may be allowed by law.

9. For such other and further relief, both at law and in equity, as the Court shall deem just and proper.

Dated this 23rd day of December, 2020.

BLACKFORD CARLS P.C.

/s/ Hillary P. Carls
Hillary P. Carls
Sherine D. Blackford
*Attorneys for Plaintiff*
