**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

AMY MUCCIE, on behalf of her minor daughter, K.J.,

Plaintiff,

vs.

PAUL DAILEY, MARGARET LEAR ELEMENTARY SCHOOL, BUTTE SCHOOL DISTRICT NO. 1, and JOHN DOE DEFENDANTS 1-50,

Defendants.

**CV-20-66-BU-BMM**

**ORDER ON MOTION IN LIMINE TO EXCLUDE EXPERT**

## INTRODUCTION

Defendant Butte School District No. 1 ("BSD") moves to exclude the testimony of Plaintiff's liability witness, Dr. Sheryll Kraizer, Ph.D., ("Kraizer"). (Doc. 35.) Plaintiff Amy Muccie ("Muccie") objects. (Doc. 42.)

## FACTUAL AND LEGAL BACKGROUND

Muccie sues on behalf of her minor daughter, "K.J." (Doc. 40 at 1.) K.J. attended Margaret Leary Elementary School during the 2017-2018 school year. (*Id.* at 2.) Defendant Paul Dailey ("Dailey") taught K.J. (*Id.*) Muccie alleges that Dailey groomed, harassed, abused, and sexually assaulted K.J. during that year.

(*Id.*) Muccie alleges that BSD failed to investigate or take any reasonable action to protect its students from Dailey, despite K.J.'s allegations and prior complaints and reports regarding Dailey's actions with students. (*Id.*)

## LEGAL STANDARDS

A motion in limine constitutes "a procedural mechanism to limit in advance testimony or evidence in a particular area." *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). A motion in limine "reduces the likelihood that unduly prejudicial evidence will ever reach the jury." *Jackson v. Cty. Of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) (*citing Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). A district court possesses "wide discretion" in considering a motion in limine. *Frost*, 218 F. Supp. 3d at 1133.

## DISCUSSION

Plaintiff's liability witness, Kraizer, submitted a 79-page supplemental expert disclosure on April 22, 2022. (Doc. 43-1.) Muccie argues that Kraizer's testimony permissibly "helps a jury understand BSD's duties to its students and whether BSD satisfied those duties." (Doc. 42 at 16.) BSD argues that Kraizer's expert report contains inadmissible, subjective opinions that invade the province of the Court and the jury. (Docs. 36 at 3; Doc. 49 at 3.) The Court will analyze the separate elements of Krazier's proposed testimony.

**A. Expert Testimony Under Fed.R.Evid 702**.

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: "(1) the evidence must be based on scientific, technical or other specialized knowledge that is useful to the finder of fact in deciding the ultimate issue of fact; (2) the witness must have sufficient expertise to assist the trier of fact; and (3) the evidence must be reliable or trustworthy." *Kudabeck v. Kroger Co.*, 338 F.3d 856, 859 (8th Cir. 2003). When faced with a proffer of expert testimony, trial judges are charged with the "gatekeeping" responsibility of ensuring that all expert evidence admitted is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). The proponent of expert testimony bears the burden of proving admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods.*, 270 F.3d 681, 686 (8th Cir. 2001).

An expert cannot testify as to matters of law, and legal conclusions are not a proper subject of expert testimony. *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). "Matters of law are for the trial judge, and it is the judge's job to instruct the jury on them." *Id.* Expert witnesses may testify, however, as to industry practice or standards, which is often relevant and admissible. *Roohbakhsh v. Bd. of Trustees of Nebraska State Colleges*, No. 8:17CV31, 2019 WL 5653448, at *3 (D. Neb. Oct. 31, 2019).

Muccie asserts that Kraizer's opinions "are based on her education, training, credentials, and experience, and her review of the items referenced in her report and her supplemental report." (Doc 43-1 at 2.) Kraizer's education includes a bachelor's degree in education, a master's degree in psychology, and a Ph.D. in education. (Doc. 43 at 5.) Kraizer has worked more than forty years as a teacher and education administrator. (*Id.*) She has helped develop programs on prevention of sex abuse and trained other educators to develop procedures for such abuses. (*Id.*) Kraizer maintains membership with the International Society for Prevention of Child Abuse and Neglect, the Association for Supervision and Curriculum Development, the National Association for Education of Young Children, and the Association of Title IX Administrators. (*Id.*) Fed. R. Evid. 702 allows an expert to rely "solely or primarily" on experience so long as the expert "explain[s] how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 (advisory committee notes to the 2000 amendments). Kraizer's education and experience qualify her generally to render an opinion on Title IX-related matters.

**B. Proposed Expert Testimony Regarding Title IX Compliance.**

The Court next must address the scope of Kraizer's proposed testimony. Other courts frequently have allowed expert testimony regarding the history and

purpose of Title IX to aid the jury. *See, e.g.*, *Roohbakhsh*, 2019 WL 5653448, at *3; *Portz v. St. Cloud State Univ.*, 297 F. Supp. 3d 929, 953 (D. Minn. 2018); *Doe v. Wharton Indep. Sch. Dist.*, No. 2:16-CV-48, 2017 WL 932935, at *2 (S.D. Tex. Mar. 9, 2017). Title IX experts walk a fine line, however, in keeping their testimony distinct from Title IX's applicable legal standards. *Roohbakhsh*, 2019 WL 5653448, at *5. "Explaining the statutory and regulatory requirements of Title IX 'is the judge's job.'" *Portz*, 297 F. Supp. 3d at 953.

None of the cases cited by Muccie support the admissibility of expert testimony under Rule 702 of the type and breadth proposed by Krazier. The District of Nebraska refused to allow a plaintiff's Title IX expert to testify about whether the defendant's conduct amounted to deliberate indifference as that question remains for the jury to decide. *Roohbakhsh*, 2019 WL 5653448, at *4. The district court rejected the defendant's proposed expert for similar reasons: "Whether the [defendant] was 'deliberately indifferent' to the risk of harm to [the plaintiff] is beyond the proper role of an expert witness and would supplant the jury's role in evaluating and determining the facts." *Id.* at 5 (quotations omitted). Krazier's proposed testimony crosses the line to the jury's role in evaluating and determining the facts regarding BSD's compliance with Title IX.

Kraizer's report impermissibly opines on Title IX requirements and applies them to BSD's conduct. Testimony concerning the "statutory and regulatory

requirements" of Title IX risks giving the jury the impression that the Court has shifted to Kraizer the responsibility to decide the case. *Portz*, 297 F. Supp. 3d at 953 (D. Minn. 2018). Kraizer opines repeatedly that "[a]dministrators and staff failed to adhere to the requirements" of Title IX. (Doc. 43-1 at 18.) Kraizer also points to specific Title IX requirements to which she believes BSD failed to adhere.

For example, Krazier opines that BSD failed to educate students "[a]lthough student education is required under Title IX." (Doc. 43-1 at 21.) Interpretation and application of Title IX, like Kraizer provides, falls outside the purview of permissible expert testimony. *See Roohbakhsh*, 2019 WL 5653448, at *6 (holding that an expert witness "cannot testify to statutory or regulatory requirements or interpret and apply Title IX, pertinent regulations, or caselaw"). Whether BSD failed to adhere to Title IX constitutes an ultimate legal conclusion and any of Kraizer's opinions to that effect prove inadmissible. *See Portz*, 297 F. Supp. 3d 929, 953 (D. Minn. 2018) ("This case is 'about whether federal law was contravened, and expert opinion as to that [is] simply inadmissible.'") (quoting *S. Pine Helicopters v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003)).

Kraizer also quotes extensively from the Dear Colleague Letter, a "significant guidance document" released by the Department of Education

("DOE"), Office of Civil Rights ("OCR"). (Doc. 43-1 at 15.) In *Doe v. Coastal Carolina Univ.*, the District Court of South Carolina excluded "reference to specific OCR guidance," because "it would introduce a legal framework and standard that cannot be the basis of liability in this trial." No. 4:18-CV-268-SAL, 2021 WL 1651057, at *2 (D.S.C. Mar. 8, 2021).

Here, as in *Coastal Carolina*, Kraizer includes the Dear Colleague Letter as support for her opinions regarding BSD's policies and procedures. (Doc. 43-1 at 15.) An expert may testify to industry standards and practices, but specifics of Title IX guidance documents would invade the Court's role to instruct the jury on the proper legal standard and risks confusing and misleading the jury. Kraizer's testimony may only "state generally that [OCR guidance] informs best practices and standards." *Coastal Carolina Univ.*, 2021 WL 1651057, at *3. Kraizer's testimony may not refer to specific requirements of Title IX or OCR guidance on Title IX.

**C. Proposed Expert Testimony Regarding Allegations Against Dailey.**

The Court next must assess Kraizer's proposed testimony regarding the allegations against Dailey and BSD's response to these allegations. Kraizer's report includes detailed allegations made by K.J. Krazier often phrases these allegations made by K.J. as fact. (Doc. 43-1.) Muccie argues that Kraizer's testimony does "not opine as to the truth of the witnesses." (Doc. 42 at 18.) Muccie

suggests that Krazier's opinions "are driven by the reports about Dailey, not the veracity of the reports." (*Id.*) Kraizer's report undercuts this argument by frequently describing how BSD erred by not crediting reports against Dailey.

Kraizer states that BSD's Title IX Administrator's investigation into Dailey constituted a "complete failure to recognize what she was looking at again and again." (Doc. 43-1 at 23.) Kraizer concludes that "BSD harbored a known threat in Dailey and chose to turn a blind eye at the expense of student safety." (Doc. 43-1 at 51.) These opinions do not analyze any particular breach in BSD's duty of care, but instead imply that BSD's failure lay in not believing K.J. Such opinions fall "beyond the proper role of an expert witness and would supplant the jury's role in evaluating and determining the facts." *Coastal Carolina Univ.*, 2021 WL 1651057, at *3.

Muccie's argument that Kraizer intends to testify only to "what [BSD] should have done upon receipt of the allegations" also fails. (Doc. 42 at 18.) The Court must consider the extent to which Krazier's report focuses not on BSD's actions, but on those of Defendant Dailey. (*Id.*) Kraizer states in her report, for instance, that "Mr. Daily [sic] was not discrete. He brazenly touched his female students in front of others who reported his actions." (Doc. 43-1 at 23.) Kraizer states that "[a]s other students were reporting Dailey's inappropriate and sexually harassing behaviors, Dailey continued to groom and then sexually abuse K.J." (*Id.*

at 28.) Kraizer supports this latter opinion with an extended and detailed narrative of Dailey's alleged abuse against K.J. This extended narrative attempts to resolve disputed issues of fact in this case. An expert witness may not testify to either ultimate facts or legal conclusions. *Doe v. Wharton Indep. Sch. Dist.*, No. 2:16-CV-48, 2017 WL 932935, at *1 (S.D. Tex. Mar. 9, 2017). Kraizer oversteps her role as an expert witness by making both factual and legal determinations throughout her report. Kraizer's testimony, as it is presented in her current supplemental report, would invade the province of the jury and the Court.

## CONCLUSION

Kraizer's experience, including her Ph.D. in education, her years of experience as a teacher, her membership with the Association of Title IX Administrators, and her role as a peer reviewer for the International Journal on Child Abuse and Neglect, qualify her as an expert in this case. (Doc. 42-1 at 5.) Many of the opinions rendered in Kraizer's report, however, invade the province of the jury by assuming the truth of allegations made against Dailey and opining that BSD failed to meet the legal standard established by Title IX. The expert report currently before the Court proves inadmissible.

Kraizer may be allowed to testify as to standards of care in education and how schools effectively approach Title IX discrimination. *See Doe v. Wharton Indep. Sch. Dist.*, No. 2:16-CV-48, 2017 WL 932935, at *2 (S.D. Tex. Mar. 9,

2017). The Court shall allow Kraizer to submit a second supplemental report adhering to this more limited purview.

**ORDER**

Accordingly, **IT IS ORDERED** that:

1. Defendant Butte School District No. 1's Motion to Exclude the Testimony of Sheryll Kraizer (Doc. 35) is **GRANTED, IN PART,** and **DENIED, IN PART**.
2. Should Plaintiff still wish for Dr. Kraizer to testify, Dr. Kraizer must submit a Second Supplemental Report in accordance with the Court's order by no later than 5:00 p.m., June 17, 2022.
3. The Court will entertain a motion by Defendants to depose Dr. Krazier in the event that Dr. Krazier files a Second Supplemental Report.

Dated this 31st day of May, 2022.

Brian Morris, Chief District Judge
United States District Court