IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| AMY MUCCIE, on behalf of her minor daughter, K.J.,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL DAILEY, MARGARET LEAR ELEMENTARY SCHOOL, BUTTE SCHOOL DISTRICT NO. 1, and JOHN DOE DEFENDANTS 1-50,<br><br>Defendants. | CV-20-66-BU-BMM<br><br>ORDER ON PLAINTIFF'S MOTIONS IN LIMINE |

**INTRODUCTION**

Plaintiff Amy Muccie ("Muccie") has filed several motions in limine asking the Court to exclude multiple items of evidence at trial. (Doc. 39.) Defendants Paul Dailey ("Dailey") and Butte School District No. 1 ("BSD") responded. (Docs. 44; 45.) The Court held a hearing on these motions on May 19, 2022. (Doc. 53.)

**FACTUAL AND LEGAL BACKGROUND**

Muccie sues on behalf of her minor daughter, "K.J." (Doc. 40 at 1.) K.J. attended Margaret Leary Elementary School during the 2017-2018 school year. (*Id.* at 2.) Defendant Paul Dailey ("Dailey") taught K.J. (*Id.*) Muccie alleges that

Dailey groomed, harassed, abused, and sexually assaulted K.J. during that year. (*Id.*) Muccie alleges that BSD failed to investigate or take any reasonable action to protect its students from Dailey, despite K.J.'s allegations and prior complaints and reports regarding Dailey's actions with students. (*Id.*)

## LEGAL STANDARDS

A motion in limine constitutes "a procedural mechanism to limit in advance testimony or evidence in a particular area." *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016). A motion in limine "reduces the likelihood that unduly prejudicial evidence will ever reach the jury." *Jackson v. Cty. Of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) (*citing Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003)). A district court possesses "wide discretion" in considering a motion in limine. *Frost*, 218 F. Supp. 3d at 1133.

## DISCUSSION

Muccie moves to exclude (1) evidence regarding K.J.'s siblings and cousin; (2) evidence of the investigation into K.J.'s biological father for alleged abuse; (3) evidence of K.J.'s unrelated medical treatments; (4) she seeks to admit evidence of the Defendants' insurance policies; and (5) she seeks to exclude evidence of Amy Muccie's employment disputes with BSD. (Doc. 40). The Court will address each of these motions in turn.

2

I. **Evidence regarding K.J.'s siblings and cousin.**

Muccie moves to exclude any evidence regarding K.J.'s siblings and cousin as irrelevant, misleading, and confusing. (Doc. 40 at 4.) Defendant Dailey argues that evidence of prior abuse allegations made by Muccie and her sister, K.J.'s aunt, on behalf of their children should be admissible as relevant habit evidence pursuant to Fed. R. Evid. 406. (Doc. 44 at 3.) "Evidence of a person's habit . . . may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit." Fed. R. Evid. 406. Although a precise formula cannot be proposed for determining when the behavior may become so consistent as to rise to the level of habit, "adequacy of sampling and uniformity of response" are controlling considerations. *Reyes v. Missouri Pac. R. Co.*, 589 F.2d 791, 795 (5th Cir. 1979). Dailey asserts that "the abuse allegations of K.J.'s brother, sister, cousin, and two foster sisters show a habit on behalf of Amy and [K.J.'s aunt] for alleging and reporting abuse against minors." (Doc. 44 at 3.)

Dailey asserts that Amy Muccie has reported "over a handful of abuse allegations regarding various minors," and that K.J.'s aunt made allegations of abuse regarding her own daughter, B.J. (*Id.* at 3–4.) "Habit suggests a regular response to a repeated specific situation that has become semi-automatic." *United States v. Anderson*, 755 F.3d 782, 794 (5th Cir. 2014). The reports made by K.J.'s aunt and mother, far from being "semi-automatic," relied on different factual

3

scenarios, involving several different minors and several different alleged abusers. A handful of factually distinct reports fail to establish the kind of rote behavior that typify a habit. Dailey's Rule 406 argument fails.

Defendant BSD asserts that it has no intention of introducing evidence regarding K.J.'s siblings and cousin unless Muccie opens the door. (Doc. 45 at 2.) BSD also argues that allegations made regarding K.J.'s foster sister X and K.J's cousin B.J. may prove to be relevant, although "[BSD] is still investigating." (Doc. 45 at 2–3.) The Court does not have adequate information at this time to rule on potential evidence involving X or K.J. This motion is denied without prejudice and may be renewed at trial if necessary.

## II. Evidence regarding the investigation into abuse allegations K.J. made against her father.

Muccie moves to exclude any evidence relating to the uncharged allegations of abuse involving K.J.'s biological father on the grounds that it is irrelevant. (Doc. 40 at 5 (citing Fed. R. Evid. 403).) Dailey and BSD argue that evidence of K.J.'s allegations against her father go to her credibility and therefore proves more probative than prejudicial. (Doc. 44 at 5; Doc. 45 at 8.) The Court denies Muccie's motion without prejudice and may be renewed at trial if necessary.

## III. Evidence regarding K.J.'s unrelated medical treatments.

Muccie moves to exclude any evidence relating to medical conditions and treatments K.J. received insofar as the medical treatment was unrelated to the

matter at issue in this case. (Doc. 40 at 7.) Dailey and BSD do not object to this motion, unless Muccie opens the door to such evidence. (Doc. 44 at 1; Doc. 45 at 8.) The motion is granted insofar as Muccie does not open the door to K.J.'s unrelated medical treatments.

## IV. Evidence of the Defendants' insurance.

Muccie argues that she is entitled to introduce evidence and argument at trial of compensation available under the Defendants' insurance policies to prove the reasonableness of K.J.'s medical costs. (Doc. 40 at 9.) Dailey and BSD argue that evidence of Defendants' insurance proves inadmissible under Fed. R. Evid. 411. "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Rule 411 allows the Court to admit evidence of insurance "for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411.

Muccie argues that her intended purpose for the evidence—to compare the Defendants' insurance rates with the Medicare rate, which Muccie argues is the proper basis for K.J.'s medical expense damages—falls within the exception to Rule 411. Whether Muccie's intended purpose for Defendants' insurance falls within an exception to Rule 411's general prohibition presents a matter better

determined if and when the matter becomes relevant at trial. The Court denies Muccie's motion without prejudice.

## V. Evidence of Amy Muccie's employment disputes with BSD.

Amy Muccie finally moves to exclude any evidence of her employment disputes with BSD. (Doc. 40 at 9–10.) Dailey does not object to this motion. (Doc. 44 at 1.) BSD does not generally object to this motion, but argues for the admissibility of a single incident in which Muccie allegedly lied about a derogatory term used by a District Administrator. (Doc. 45 at 10.) BSD argues that this single incident proves relevant to Muccie's credibility.

The motion is granted, in part, and denied, in part. Evidence of Amy Muccie's employment disputes with BSD, apart from the event cited by BSD, shall be excluded. Muccie may renew her objection to the event involving the District Administrator if Defendants attempt to raise the dispute during trial.

## ORDER

Accordingly, **IT IS ORDERED** that Plaintiff Amy Muccie's Motions in Limine (Doc. 39) are **GRANTED, IN PART,** and **DENIED, IN PART**.

Dated this 23rd day of June, 2022.

_____
Brian Morris, Chief District Judge
United States District Court